IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TERRY L. ROBLEY-YOUNG
   PLAINTIFF,

      v.   CIVIL ACTION No.: _____

JACK COOPER TRANSPORT
CO., INC.
   DEFENDANT.

**PLAINTIFF'S ORIGINAL COMPLAINT**

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over Plaintiff's federal claims under Title VII of the Civil Rights Act, as amended by the Equal Employment Opportunity Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C.A. §§2000e to 2000e-17. .

2. Venue is proper before this Court pursuant to 42 U.S.C.A. §2000e-5(f)(3), in that the unlawful employment practices complained of occurred at the transport facility in the City of Arlington, Tarrant County, Texas. Plaintiff reserves the right to invoke the supplemental jurisdiction of this Court to entertain pendant claims arising under state law and so related to the claims in this suit as to be part of the same case and/or controversy.

3. All conditions precedent to filing suit has been complied with. Plaintiff Terry L. Robley-Young brings suit as a result of the gender discrimination and subsequent retaliation she suffered at the hands of her co-worker and supervisor(s).

**PARTIES**

4.     Plaintiff, Terry L. Robley-Young ("Robley"), is a U.S. Citizen, of full age and the subject of the actions complained of in this Complaint.

5.     Defendant, Jack Cooper Transport Co., Inc. is a foreign for-profit corporation operating in Texas and incorporated in Delaware.  Defendant Jack Cooper Transport Co., Inc's. ("Jack Cooper") principal place of business is 2909 East Abram Street, Arlington, Texas, 76010.  Defendant's registered agent for service is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701-3218.

**FACTUAL ALLEGATIONS**

6.     At all times relevant herein, Defendant Jack Cooper is and was a foreign for profit corporation.  Defendant Jack Cooper operates as an integrated logistics for, and transporter of, new automobile throughout the United States.  .

7.     Mrs. Robley is a female and a member of a protected class under the law.  She is happily married and mother of two children.  She started working in the auto transport industry in 1999 and commenced working for Defendant Jack Cooper in 2010.  Mrs. Robley was well-qualified to perform the duties of the position she held as an Assistant Terminal Manager.  At all times relevant, Mrs. Robley was a responsible and productive employee and had not been the subject of any disciplinary actions.  To the contrary, Mrs. Robley was one of the very few employees within her section to routinely stay late to ensure work was completed, even if that of other employees.  Mrs. Robley was the only female at the management level in the truck terminal, with

two males holding positions senior to her and numerous males holding positions in positions junior to her.

8.    In April of 2014, an incident occurred involving a truck driver, W.T., who is also of African-American descent.  The incident is one in which Mrs. Robley was cussed at and felt threatened by the driver, who among the expletives, informed her that he was not her "boy" to be told what to do.  This despite the fact that he was in-fact subordinate to her and the dispatcher who also were junior to Mrs. Robley.  The incident was witnessed by several employees in the immediate area.

9.    Upon information and belief, the driver, W.T., had a history of violent behavior in the workplace and Mrs. Robley was aware of W.T.'s reported history.

10.    Mrs. Robley reported the incident to her supervisor and a union steward.  Over a week later, Mrs. Robley inquired of her supervisor what had happened and she was informed the driver had been "spoken to".  After a month from the incident, and being familiar with the policies and procedures of the company, Mrs. Robley inquired again as to what action was taken and upon finding no action had been taken, reported the matter to the company's Human Resources Department.

11.    In October of 2014, Mrs. Robley received a call from a driver in another state, reporting to her that W.T. was accusing Mrs. Robley of being a racist against Blacks and Mexicans.  That same day, Mrs. Robley notified her supervisor, the Labor representative and the company's business agent of the comments attributed to W.T.  Later that day, she was informed by both the Chief Steward and Assistant Steward that W.T. was to be removed as a union steward at the next

Plaintiff's Original Complaint

union meeting.

12. Since late October of 2014 through the end of 2014, Mrs. Robley was informed that W.T. was seeking support from others as to Mrs. Robley being a racist and to her being described as the and a "bitch". Presumably, the actions of W.T. are retaliatory for Mrs. Robley's initial complaint as to W.T.'s insubordinate and threatening conduct. No other management personnel have been subjected to this behavior from any driver for the company.

13. On January 14, 2015, Mrs. Robley notified the appropriate company official that she wanted to file a formal complaint of discrimination and retaliation. The following day, there was a conference call where the issues were discussed. Mrs. Robley was informed that nothing had ever been done as to her complaints of W.T.'s conduct.

14. On February 2, 2015, Mrs. Robley filed her Charge of Discrimination with the Equal Employment Opportunity Commission.

15. On February 13, 2015, Mrs. Robley was discharged from her position upon being accused of improper use of a corporate credit card – despite being authorized to use the card in the manner used by a prior manager and the last years accounting being submitted for review and approval by her management.

16. Prior to her termination by Defendant Jack Cooper, Mrs. Robley had been sought by other similarly structured businesses to work for them. Since her termination, she has been unsuccessful in obtaining other employment.

## CLAIMS

**GENDER DISCRIMINATION and RETALIATION IN VIOLATION OF TITLE VII**

17.     Plaintiff incorporates by reference all factual allegations of paragraphs 6 through 17 above as though fully set forth at length herein.

18.     This cause of action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, asserting that Defendant Jack Cooper supervisor and management personnel, while in the course and scope of employment, ignored the actions of its employees and permitted W.T. to engage in a course of conduct that would not have been tolerated as to any male supervisor or manager.  Mrs. Robley was subjected to disparate treatment due to her race and gender, and subsequent to her reporting of the conduct and harassment, she was subjected to further harassment for the duration of her employment with Defendant.  Upon the filing of the Charge of Discrimination with the E.E.O.C., she was subsequently terminated.

## PUNITIVE DAMAGES

19.     Plaintiff incorporates by reference all factual allegations of paragraphs 6 through 18 above as though fully set forth at length herein.

20.      At all times relevant, the management personnel of your Plaintiff, Terry Robley-Young, acting while in the course and scope of their employment with Defendant Jack Cooper  acted with reckless indifference to the  rights of Mrs. Robley as outlined above.  Further, that Defendant's Human Resource and  management personnel were well aware of the actions of W.T. and that their actions and inactions ratified or otherwise encouraged W.T.'s actions and were themselves discriminatory and in violation of federal  law.

Plaintiff's Original Complaint

## ATTORNEY FEES

21.     Plaintiff seeks recovery of her reasonable and necessary attorney fees as permitted by law, to include 42 U.S.C. 2000e-5(k).

WHEREFORE, PREMISES CONSIDERED, Plaintiff Terry L. Robley-Young request that this Court:

  a.   Award retroactive relief so that Plaintiff is made whole for the injuries suffered on account of the unlawful employment discrimination;

  b.   Award compensatory damages to Plaintiff against Defendant;

  c.   Award damages to Plaintiff for injury to her character and reputation, and her mental anguish;

  d.   Award costs of this action to the Plaintiff;

  e.   Award reasonable attorney's fees and costs to the Plaintiff;

  f.   Award punitive damages against the Defendant for the actions complained of herein; and,

  g.   Award such other and further relief as this Court may deem appropriate.

Dated: May 1, 2015

Respectfully submitted,

_____
David D. Davis
State Bar No. 00790568

LAW OFFICE OF DAVID D. DAVIS, PLLC
P.O. Box 542915
Grand Prairie, Texas 75054-2915
972.639.3440 Telephone
972.639.3640 Facsimile
ddd@dddavislaw.net

ATTORNEY FOR PLAINTIFF