IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRY L. ROBLEY-YOUNG, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:15-cv-00326-O |
| JACK COOPER TRANSPORT CO., INC., | § § § | |
| Defendant. | § § | |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S
ORIGINAL COMPLAINT WITH COUNTERCLAIM**

Defendant Jack Cooper Transport Co., Inc. ("Defendant") files its Answer to Plaintiff Terry Robley-Young's ("Plaintiff") Original Complaint (the "Complaint") with Counterclaim and states:

**I.
DEFENDANT'S ORIGINAL ANSWER**

**JURISDICTION AND VENUE**

1.   Defendant admits this claim properly resides in federal court.  Except as expressly admitted, Defendant denies all other allegations in Paragraph 1 of the Complaint.

2.   Defendant admits that venue is proper before this court.  Except as expressly admitted, Defendant denies all other allegations in Paragraph 2 of the Complaint.

3.   Defendant denies the allegations in Paragraph 3 of the Complaint.

**PARTIES**

4.   Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 4 of the Complaint and therefore denies them.

5. Defendant admits it operates in Texas and admits its agent for service of process is Corporation Service Company. Except as expressly admitted, Defendant denies all other allegations in paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff is a female and a member of a protected class under the law and she started working for Defendant in 2010. Except as expressly admitted, Defendant denies all other allegations in paragraph 7 of the Complaint.

8. Defendant admits that in April 2014, an incident occurred between Plaintiff and truck driver with the initials W.T., and that the same truck driver was her subordinate. Except as expressly admitted, Defendant denies all other allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant admits Plaintiff reported an incident between her and a truck driver with the initials W.T. to her supervisor Jon Jackson ("Jackson") in April 2014. Except as expressly admitted, Defendant denies all other allegations in paragraph 10 of the Complaint.

11. Defendant admits that in October 2014, Plaintiff informed her supervisor, Terry Brennan, and Leonard Walton that a driver with the initials W.T. told a few people she was racist against Blacks and Mexicans. Except as expressly admitted, Defendant denies all other allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant admits that on January 15, 2015, there was a conference call wherein certain issues were discussed. Defendant denies all other allegations in Paragraph 13 of the Complaint.

14. Defendant admits Plaintiff's Charge contains the date February 2, 2015. Except as expressly admitted, Defendant denies all other allegations in Paragraph 14 of the Complaint.

15. Defendant admits Plaintiff was discharged on February 13, 2015 for improper use of a corporate credit card, including charging over $24,000 in personal expenses to her corporate credit card and failing to notify and repay the Company for those charges. Except as expressly admitted, Defendant denies all other allegations in Paragraph 15 of the Complaint.

16. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 16 of the Complaint and therefore denies them.

## CLAIMS

### GENDER DISCRIMINATION and RETALIATION IN VIOLATION OF TITLE VII

17. Defendant repeats, reiterates, and realleges, with the same force and effect as if fully set forth here, its responses to paragraphs 1 through 16 of Plaintiff's Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

### PUNITIVE DAMAGES

19. Defendant repeats, reiterates, and realleges, with the same force and effect as if fully set forth here, its responses to paragraphs 1 through 18 of Plaintiff's Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

### ATTORNEY FEES

21. Defendant denies Plaintiff is entitled to recover attorneys' fees or any of the relief sought in her Complaint, including any of the relief identified in Paragraph 21(a-g).

## II.
## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. All employment decisions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory, and reasonable business reasons.

3. Defendant would have made the same employment decisions with regard to Plaintiff in the absence of any discriminatory, retaliatory, or otherwise unlawful motive, and such motive is denied.

4. If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff (which Defendant denies), such actions were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

5. If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff (which Defendant denies), they were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendant and thus cannot be attributed or imputed to Defendant.

6. Plaintiff's claims fail because Defendant exercised reasonable care to prevent and remediate promptly any harassing behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

7. Defendant engaged in good faith efforts to comply with all applicable laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law, and therefore, Plaintiff fails to state a claim for punitive or exemplary damages.

8. Plaintiff's claims are barred, in whole or in part, due to the applicable statute of limitations.

9. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize the alleged damages.

10. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Defendant pleads the damage caps and/or limits to punitive/exemplary or liquidated damages under the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, the Texas Civil Practice & Remedies Code § 41.008, 42 U.S.C. § 1981, and all other applicable laws.

11. Defendant pleads setoff.

12. Defendant reserves the right to assert additional affirmative defenses and other defenses as may appear applicable during the course of this litigation.

## III.
## COUNTERCLAIM

Defendant/Counter-Plaintiff Jack Cooper Transport Co., Inc. ("JCT") files its counterclaim against Plaintiff/Counter-Defendant Terry Robley-Young ("Robley") and would respectfully show the Court as follows:

### BACKGROUND

1. Robley was employed by JCT from December 2010 until JCT terminated her employment on February 13, 2015.

2. At all relevant times to this lawsuit, Robley held the position of Assistant Terminal Manager for JCT's terminal in Arlington, Texas.

3. In January 2012, JCT implemented a new company credit card program through Wells Fargo Bank wherein it entrusted certain employees, including Robley, with a Visa credit card to be used for business purchases (the "Card").

4. As part of the new program, on or around January 3, 2012, JCT provided these certain employees, including Robley, with a copy of the Commercial Card Program Policy and Procedures Manual (the "Policy Manual").

5. The Policy Manual sets forth the policies and procedures for using the Card, and submitting and reconciling purchases made with the Card, including that the cardholder is responsible for "[s]canning all receipts for items purchased under the program in the Receipt Imaging system," and that "is a requirement of the program that you scan all receipts for goods and services purchased."

6. The Policy Manual further states that it is the cardholder's "responsibility, immediately upon receipt of [the cardholder's] statement to check it to ensure all the transactions posted are legitimate transactions made by [the cardholder], mark transactions for which receipts will be attached, and attach line item detailed point of sale receipts or delivery invoices."

7. Under the "Unauthorized Purchases" section in the Policy Manual, "Items for personal use" is listed. The Policy Manual further states that, "[f]ailure to comply with the above guidelines for authorized purchases under the *WellsOne* Commercial Card program may result in disciplinary action, cancellation of your card privileges, and possible termination of your employment."

8. On January 18, 2012, Robley signed a Cardholder User Agreement (the "Agreement") outlining the terms and conditions under which she would be issued the new card.

9.     Among the terms outlined in the Agreement, Robley acknowledged that she has "read and will follow the Purchasing Card Policies and Procedures" and that "[f]ailure to do so could be considered misappropriation of the Companies funds."

10.    Robley also agreed that "under no circumstances will [she] use the Purchasing Credit Card to make personal purchases either for [herself] or for others" and that such charges could be considered "misappropriation of the Company's funds and could result in corrective action up to and including termination of employment."

11.    Robley further agreed that if she violated the terms and used the Card for personal use, JCT would "have the right to deduct any amounts owed, including but not limited to, charges incurred from collections agencies, internal administrations costs, court costs, etc., from [her] paycheck or final paycheck."

12.    Due to the unusually high amount of charges on Robley's December 2014 expense report, as well as the amount of missing back-up receipts, JCT flagged her account for further review.

13.    Upon further review of the charges on Robley's December 2014 expense report, JCT determined that many of the charges were personal in nature and in violation of the Policy Manual and Agreement.  Some examples of charges for which there could be no legitimate business purposes include but are not limited to blue jeans, dog biscuits, and over $600.00 in charges from AT&T for a family plan for herself, her daughter, and her husband, despite the fact that JCT already provided her with a Verizon phone for business purposes.

14.    At no point in time did anyone at JCT authorize Robley to make personal charges with the Card.  Robley's job as Assistant Terminal Manager did not include the right or responsibility to make personal charges with the Card.

15.     In light of the above-referenced suspicious charges on Robley's December 2014 expense report, JCT audited Robley's expense reports from March 2012 through January 2015 which included the expense details from February 1, 2015 through February 15, 2015.

16.     Based on the internal audit, JCT determined that over the past two years, Robley had failed to submit supporting receipts for over $60,000 in charges, and there were over $24,000 in unauthorized, personal charges with the Card which could not have had any legitimate business justification.

17.     Robley hid and concealed her personal charges from JCT.  She never disclosed these personal charges to anyone at JCT, never asked or received permission to charge personal items to the Card, and never attempted to pay JCT back for the personal items and services she charged to the Card.

18.     Due to JCT's relationship of trust with Robley and owed fiduciary duties, her misconduct went undetected until her December 2014 expense report raised a red-flag. Furthermore, JCT had no reason to believe Robley was misappropriating funds from JCT prior to review of her December 2014 report.

19.     JCT's injury is objectively verifiable because it is indisputable that Robley made unauthorized, personal purchases with the Card to which she was not entitled, and failed to notify and/or refund JCT for these purchases.  Her misappropriation of funds is demonstrated by direct physical evidence, including, but not necessarily limited to, JCT's Wells Fargo Bank statements, Robley's expense reports, and receipts she both omitted and submitted with her expense reports.

20.     Accordingly, Robley owes JCT $24,632.83 for unauthorized, personal purchases she made with the Card between January 2012 and February 2015.

## CAUSES OF ACTION

### A. Count One: Breach of Fiduciary Duty

21. JCT realleges and incorporates by reference the allegations made in Paragraphs III. 1-20.

22. As a result of Robley's employment with JCT, as well as her managerial position including but not limited to the positon as Assistant Terminal Manager, a fiduciary relationship existed between Robley and JCT. Robley intentionally breached her fiduciary duties to JCT by unlawfully converting and charging $24,632.83 in personal charges on her company issued credit card.

23. Robley's breach of fiduciary duty to JCT resulted in injury to JCT and benefit to Robley. JCT is entitled to recover the amount of such damages it sustained, totaling $24,632.83, along with exemplary damages.

### B. Count Two: Texas Theft Liability Act

24. JCT realleges and incorporates by reference the allegations made in Paragraphs III. 1-20.

25. Robley unlawfully appropriated and stole JCT's property, namely, by charging unauthorized, personal items to the Card.

26. Robley's unlawful taking was made with the intent to deprive JCT of its property.

27. As a result of Robley's unlawful taking, JCT sustained damages in the amount of $24,632.83.

28. JCT is also entitled to damages of $1,000.00 in the form of penalty as permitted by Tex. Civ. Prac. & Rem. Code § 134.005.

29. Further, JCT is entitled to its costs and attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code § 134.005(b).

### C. Count Three: Conversion

30. JCT realleges and incorporates by reference the allegations made in Paragraphs III. 1-20.

31. Robley acted with malice and wrongfully exercised control and dominion over the Card belonging to JCT by making unauthorized, personal charges with the Card and not informing anyone at JCT of these purchases or attempting to pay JCT back for these purchases.

32. Robley's acts proximately caused damage to JCT. These damages include, but are not limited to, the amount of the fraudulent charges Robley made with the Card.

33. As a result of Robley's misconduct, JCT is entitled to unliquidated damages within the jurisdictional limits of this Court, including, but not limited to, the value of the purchases plus interest. Because Robley acted with malice, JCT also is entitled to exemplary damages.

### D. Count Four: Money Had and Received/Unjust Enrichment

34. JCT realleges and incorporates by reference the allegations made in Paragraphs III. 1-20.

35. Money had and received is an equitable action that may be maintained to prevent unjust enrichment when one person obtains money that, in equity and good conscience, belongs to another. *Everett v. TK-Taito, L.L.C.*, 178 S.W. 3d 844, 860 (Tex. App.—Fort Worth 2005, no pet.). A cause of action for money had and received is not based on wrongdoing, but, instead, looks only to the justice of the case and inquires to which party does the money, in equity, justice, and law, belong. *Id.*

36. From at least March 2012 through February 2015, Robley made unauthorized, personal purchases with the Card, totaling $24,632.83 in unlawful charges. Robley has not paid JCT back any of this amount, which, in equity and good conscience, belongs to JCT.

37. As a result of these fraudulent charges, Robley received monies, services, and/or items she did not earn and to which she was not entitled.

38. Robley failed to pay JCT for the personal purchases; therefore, she has been unjustly enriched. As a result of Robley's unjust enrichment, JCT is entitled to recover, in equity, justice, and law, the full amount of $24,632.83 plus pre- and post-judgment interest.

## CONCLUSION

WHEREFORE Defendant respectfully requests that Plaintiff take nothing by this action and that the court award Defendant its costs, attorneys' fees, and all other relief to which it is entitled. Further, JCT prays judgment against Robley in the amount of $24,632.83, with pre- and post-judgment interest.

DATED:  June 17, 2015

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ Eva W. Turner
Eva W. Turner
Texas Bar No. 24051485
eva.turner@ogletreedeakins.com
Vicki D. Tall
Texas Bar No. 24079921
vicki.tall@ogletreedeakins.com
8117 Preston Road, Suite 500
Dallas, Texas  75225
(214) 987-3800
(214) 987-3927 (Facsimile)

**ATTORNEYS FOR DEFENDANT
JACK COOPER TRANSPORT CO., INC.**

## **CERTIFICATE OF SERVICE**

  I certify that on June 17, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

               s/ Eva Turner
               Eva Turner

21435202.3